MERCHANT *v.* PRESTON *et als.*

1. CHANCERY PRACTICE. For good cause shown, the Chancellor has discretion to allow an answer to a bill to be withdrawn, after proof taken, and permit a demurrer to be filed.

2. ATTACHMENTS. *Non-residents.* The act of 1870–71, ch. 122, sec 1, is amendatory of sec. 3455 of the Code. If the creditor and debtor, or the widow and heirs of the debtor if he be dead, are residents of the same State and non-residents of Tennessee, attachment will not be granted upon the property of the debtor for any of the causes enumerated in sec. 3455 of the Code.

FROM CAMPBELL.

Appeal from the Chancery Court at Jacksboro. O. P. TEMPLE, Ch.

H. H. TAYLOR for complainant.

WASHBURN & GIBSON. for defendants.

McFARLAND, J., delivered the opinion of the court.

The complainant filed this attachment bill on the 6th of September, 1872, in the Chancery Court at Jacksboro. It charges that. Walter Preston died in the State of Virginia, leaving a widow and children in that State. That he left property in this State, consisting of the proceeds of the sale of certain lands in Campbell county of which said Preston was joint owner, and which had been sold by a decree of the Chancery Court, the proceeds still remaining under the control of the court; and, also, there was due said Preston's estate the proceeds of certain other lands in said county sold to satisfy a deed of trust which had been assigned to said Preston. The bill further charges that said Preston was, at the time of his death, indebted to the complainant in certain sums and on certain accounts specified in the bill. That administration was granted in the State of Virginia, but complainant was unable to collect his debt there. That no administration has been granted in Tennessee. The prayer of the bill is specifically for an attachment under sub-sec. 7 of sec. 3455 of the Code, and for satisfaction of his debts out of the funds sought to be attached. The widow and children of Preston, who are residents of Virginia, and other persons in this State in whose hands the funds were charged to be, were made defendants. The widow and heirs answered—the latter by guardian ad litem, they being minors; the former by solicitor, an answer on oath being waived. Subsequently an amended bill was filed, but its allegations are immaterial for our present purposes, as it does not vary the allegations of

the original bill, except as to the fund sought to be attached. Proof was taken, and the cause progressed until the December term of the court 1876, when, upon the affidavits of W. P. Washburne, guardian *ad litem*, and H. R. Gibson, solicitor for the widow and himself a party as garnishee, the Chancellor permitted the answers to be withdrawn and demurrer filed raising the question of the jurisdiction of the court, which, upon argument, was sustained and the bill dismissed, from which decree the complainant has appealed.

The first question is, whether the court erred in permitting the answers to be withdrawn and the demurrer filed after so great delay. The sub-section of the Code under which the bill was filed allows an attachment "where any person liable for any debt or demand, residing out of the State, dies leaving property in the State." The question made by the demurrer is, that under the act of 1870 (T. & S.'s Statutes, sec. 4355a) the former laws are so modified that the attachment is not allowed when both parties are non-residents and reside in the same State, without further allegations not found in this bill. The original bill stated that the complainant, Merchant, was a citizen of Washington county, *Tennessee.* The affidavits referred to state that the defendants were misled by this statement. Their clients being non-residents and part of them minors, they had no cause to suspect the truth of the statements, and were not informed to the contrary until the day the application to withdraw the answers was made. The amended bill stated the complainant's residence to be in Vir-

ginia, but this was not noticed, as process under .this bill was only issued as to Gibson, the garnishee.   It was then admitted that the complainant's residence at the time of filing the bill was Washington county, Virginia, and the original bill was amended accordingly by order of the court.   The answers were withdrawn and the demurrer filed.   That the court has discretion to allow this to be done in a proper case, was settled in *Lowe* v. *Morris & Kinder*, 4 Sneed, 69. Although the delay in this case was great, it was explained, and the complainant was himself responsible,. although the misstatements in his original bill may have been inadvertent; yet it remained uncorrected until the question was made, and, under the circumstances, we think the delay is not chargeable to the defendants, and upon the amendment being made the defendant has the right to demur.

The next question is, whether the demurrer is well taken.   The Code, sec. 3455, with sub-secs. 1 to 7 inclusive, specifies the several grounds upon which attachments are granted.   First, where the debtor or defendant resides out of the State, sub-secs. 2 to 6 inclusive relate to removing, absconding and concealing himself by the debtor, or fraudulently disposing of his property.   Then follows the last section, where any person, liable for a debt or demand, residing out of the State, dies leaving property in the State.   It seems that previous to these statutes the law required one of the parties to be a citizen of the State, but, after these statutes, this came to be regarded as unnecessary.   The act of 1870 is as follows:  "When

the debtor and creditor are both non-residents of this State and residents of the same State, the creditor shall not have attachment against the property of his debtor, unless he swear that the property of the debtor has been fraudulently removed to this State to evade the process of the law in the State of their domicil or residence." It is argued that this act applies to cases where the creditor and debtor are both living and residing in the same State, and therefore cannot apply to sub-sec. 7, where the debtor is dead and of course does not reside in either State. But, looking to the reason and policy of this act, we are of opinion it was intended to be amendatory to the whole of sec. 3455, and applicable to this sub-section. It is true the debtor was dead, and of course did not reside in the same State with the creditor but his widow and heirs claim the property attached; and if such party or parties are non-residents of this State and reside in the same State with the creditor, the case is within the spirit, if not the letter, of the act. We can hardly suppose that the Legislature intended to be more liberal in allowing attachments against the estates of dead men than living ones. The creditor and debtor were both non-residents of this State and residents of the same State up to the death of the debtor, and had the bill been filed before his death the case would be directly within the letter of the act of 1870. We do not see that the principle is changed by the filing of the bill after the debtor's death, leaving his widow and heirs residing in the same State. The bill was

not filed in behalf of other creditors to administer the estate in the Chancery Court, but filed in behalf of complainant alone, to appropriate, if necessary, the entire property in Tennessee to his debt, under the section of the Code referred to.

We are of opinion the complainant was not entitled to this attachment or relief prayed for, and affirm the decree of the Chancellor, with costs.